IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**FILED**
**JAN 18 2018**
CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA

In re:                                              : Case No.:    17-24051-GLT
                                                    : Chapter:     13
Steven G. Skeriotis                                 :
                                                    :
                                                    : Date:        1/17/2018
        *Debtor(s).*                                : Time:        09:00

## PROCEEDING MEMO

**MATTER:**   #39 - Motion for Relief from Automatic Stay by First Commonwealth Bank
              #44 - Response by Debtor

**APPEARANCES:**
        Debtor:         Fred Freitag
        Trustee:        Owen Katz
        1st Com. Bank:  Preston Jaquish
        Beaver County:  Robert Alsko

**NOTES:**

Jaquish: This plan is futile. The Debtor proposes over $4,800/mo. payments but makes only $1,400/mo. The big issue is prepetition real-estate tax arrears, which have now likely exceeded $100,000. There is no equity in the properties, none of them are necessary for effective reorganization, and the Debtor has not provided proof of insurance for two of the properties.

Freitag: The Debtor has made one full payment, and January is not over yet. Unsure why proof of insurance is missing. Requests an opportunity to continue making payments.

Court: In the prior case, the plan was to sell the properties, but the Debtor made no attempt to see that through. How can he make the payments in this case?

Freitag: Believes his business can support the payments.

Jaquish: Postpetition taxes are also mounting.

Court: Why is the Debtor attempting to keep all these properties? The 12th St. property is completely underwater.

Freitag: He believes he can rent or sell them.

Jaquish: The combined value is scheduled at $231,700, securing combined claims of the bank and Beaver County of $247,000.

Alsko: Important to note the Debtor has attempted to include the 2017 taxes in his plan. My client does not have possession of that claim until April 2018. That will increase the claim by $19,000-20,000.

Freitag: No response.

Court: The Court was disappointed with the Debtor's lack of candor in the sale process in his previous case. Now, the situation is much more dire. There is cause for relief based on the lack of insurance, lack of equity cushion, and inability to provide adequation protection to the secured creditors. The filing fees have not even been paid in full. A single payment in December 2017 after a missed payment in November is not enough.

***OUTCOME:***

1. The Motion for Relief from the Automatic Stay [Dkt. No. 39] is granted. O/E.

**DATED:** 1/17/2018