FILED
2/28/18 3:06 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No.: 17-24051-GLT |
| | : | Chapter: 13 |
| Steven G. Skeriotis | : | |
| | : | |
| | : | Date: 2/28/2018 |
| Debtor(s). | : | Time: 09:30 |

## PROCEEDING MEMO

**MATTER:**
#52 - Debtor's Motion to Reconsider Order Granting the Motion for Relief from Automatic Stay to First Commonwealth Bank
#60 - Response by First Commonwealth Bank

**APPEARANCES:**
- Debtor: Paul W. McElrath [Debtor Steven G. Skeriotis personally present]
- Trustee: Jana Pail
- Beaver County: Robert Alsko
- First Com. Bank: Preston Jaquish

**NOTES:**

McElrath: The Debtor will be providing an amended plan, lowering the cost of the plan, and making it more affordable. Surrendering the two uninsured vacant properties and three vehicles.

Court: At the January 17, 2018 hearing, there were taxes approaching $100,000, no insurance, and the plan payments exceeded the Debtor's gross income. Why were the properties being surrendered uninsured?

McElrath: The Debtor was confused about whether the policies it had on other properties covered those properties.

Court: Why is First Commonwealth not the loss payee?

McElrath: Will change it immediately.

Court: Why is one property only insured for $105,000, though you scheduled its value at $140,000?

McElrath: Needs to reconcile the numbers. Will seek the $30,000 difference in the insurance coverage. The Debtor resides at another property owned by his mother.

Court: What's the basis for keeping the second non-business related vehicle?

McElrath: Two are used for the laundry business, and the third vehicle is for the Debtor's personal transportation.

Court: What do you believe First Commonwealth's claim to be, since you've disputed it?

McElrath: Only disputes it to the extent it may be lowered by the sale of the properties.

Court: How is the Debtor making payments if they do not appear to feasible from the schedules? The plan calls for $4,800/mo., but your income is about $3,700/mo.

Skeriotis: Received additional revenue from business. Rents linens to restaurants.

Court: What is your business's current gross income? Previously, it showed $6,500/mo.

Skeriotis: About the same. Reduced costs through cheaper detergents. Not receiving help from anyone else to make the plan payments.

Court: What is the 2701 Broadhead Rd. property?

Skeriotis: Intends to move the business there after selling all the other properties.

Court: Why do you seek to keep the 307 Merchant St. property?

Skeriotis: Intends to sell it. It is worth about $20,400, as listed on the schedules.

McElrath: Believes the plan can be reduced to $3,300.

Pail: Do you pay your mother rent or share any expenses?

Skeriotis: Very little, and not recently.

Pail: What about your listed child-support expense?

Skeriotis: Has two children, ages 20 and 24. Has not paid the $1,000 in years--does not think it is due anymore. There is a dispute as to the arrearage.

Jaquish: None of the justifications the Debtor has alleged serve as ground for granting a motion for reconsideration. The Debtor already had the opportunity to take these steps but failed to do so. Only two plan payments have been made, and the Debtor was $23,000 in arrears when his previous case was dismissed. Even if the Debtor files an amended plan and surrenders the two properties he proposes, it would only reduce First Commonwealth's claim to $146,000 and reduce the remaining tax obligations to about $70,000, which leaves negative equity of about $26,000. The tax claim payments alone exceed the Debtor's monthly income.

Court: Where do things stand with the stay relief that was already granted?

Jaquish: Unable to proceed because the Debtor filed this motion for reconsideration within 14 days.

Court: What's the harm if the Court imposes the stay with respect to a sale but lifts it with respect to pursuing a foreclosure judgment?

Jaquish: Amendable to that solution. Requests a drop-dead order.

Alsko: There doesn't appear to be any use for the four properties not being used for the Debtor's business. Troubled by inconsistencies in the Debtor's schedules.

Jaquish: The only property the bank would have any interest in taking is the one the Debtor wishes to retain.

*OUTCOME:*

1. The Motion for Reconsideration [Dkt. No. 52] is granted in part and denied in part. First Commonwealth may proceed with a foreclosure action, but no sheriff's sale may occur so long as the Debtor continues making the required plan payments to the chapter 13 trustee by the tenth of each month. The Court may lift the stay as to the commencement of an execution/sheriff's sale upon the filing of an affidavit of default by the chapter 13 trustee or First Commonwealth. The affidavit shall be supported by the First Commonwealth's own records as well as the records of the chapter 13 trustee (Chambers to prepare.)

2. On or before March 7, 2018, the parties shall submit any proposed order clarifying the terms under which the Motion for Reconsideration [Dkt. No. 52] is resolved under certification of counsel, including a determination of the new monthly plan

obligations. (Chambers to prepare.)

3. On or before March 14, 2018, the Debtor shall add First Commonwealth as a loss payee on the insurance policies, amend the policy to reflect the correct address for the 307 Merchant St, property, verify that the existing insurance coverage adequately protects the value of the properties, and file amended schedules I and J. (Chambers to prepare.)

4. On or before March 28, 2018, the Debtor shall file an amended plan that surrenders at least three of the subject properties and surrenders the personal property identified in the Motion for Reconsideration [Dkt. No. 52]. (Chambers to prepare.)

**DATED:** 2/28/2018